UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| QUINCETTA Y CARGILL, } | |
| } | |
| Petitioner, } | |
| } | |
| v. } | Case No.: 2:23-cv-08022-RDP |
| } | 2:17-cr-00356-RDP-JHE-1 |
| UNITED STATES OF AMERICA, } | |
| } | |
| Respondent. } | |

## MEMORANDUM OPINION

Before the court is Petitioner's Second Amended Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. (Doc. #43, Cr. Doc. # 437).[1] The motion has been fully briefed. (Docs. # 43-1, 89, 91). After careful review, and for the reasons discussed below, the motion is due to be denied.

### I.   Background

In July 2017, Quincetta Yvonne Cargill ("Cargill") was indicted on one count of conspiracy to commit mail and wire fraud in violation of 18 U.S.C. § 1349. (Cr. Doc. # 1). In November 2019, the grand jury added a charge of witness tampering in violation of 18 U.S.C. § 1512(b)(1) in a superseding indictment. (Cr. Doc. # 169). Cargill pled not guilty to the charges on December 12, 2019. In January 2020, Cargill waived her right to a jury trial and filed a *pro se* motion for a bench trial (Cr. Doc. # 211, 241, 242), which the court granted (Cr. Doc. # 232).

After a series of delays, including two defense motions to continue (Cr. Docs. # 24, 150), Cargill's dismissal of three of her defense attorneys (Cr. Docs. # 67, 91, and 103), a competency evaluation (Cr. Docs. # 75-79), and Cargill's ultimate motion to proceed *pro se* (Cr. Doc. # 111),

---

[1] The court refers to documents relating to Cargill's underlying criminal case (2:17-cr-00356-RDP-JHE-1) as (Cr. Doc. #). Documents cited as (Doc. #) refer to documents relating to the present matter.

Cargill's case went to trial in February 2020. She assisted by hybrid counsel and was found guilty on both counts. (Cr. Doc. # 246).

In September 2020, Cargill was sentenced to 180 months as to Counts 1 and 2 to be served separately and concurrently with each other and with the sentence imposed in Cargill's state criminal case. (Cr. Doc. # 282). On the day of her sentencing, Cargill appealed her convictions and sentencing. (Cr. Doc. # 284). The Eleventh Circuit affirmed this court's judgment. *United States v. Cargill*, No. 20-13507, 2022 WL 4375292 (11th Cir. 2022).

Cargill has since filed scores of documents in both her criminal and civil cases, including her Second Amended Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. (Doc. #43, Cr. Doc. # 437).

## II.     Standard of Review

Title 28 U.S.C. § 2255 authorizes federal prisoners to move in the court of conviction to vacate, set aside, or correct their sentence on the ground that the sentence was imposed in violation of the Constitution or the laws of the United States. *See* 28 U.S.C. § 2255(a). A § 2255 motion is subject to heightened pleading requirements which mandate that the motion must specify all the grounds of relief and state the facts supporting each ground. *See* Rules 2(b)(1) & (2), Rules Governing § 2255 Proceedings; *see also McFarland v. Scott*, 512 U.S. 849, 856 (1994). When a § 2255 motion is filed, it is subject to preliminary review, at which time the court is authorized to summarily dismiss the motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of the prior proceedings that the moving party is not entitled to relief." Rule 4(b), Rules Governing § 2255 Proceedings. A § 2255 movant is not entitled to a hearing or post-conviction relief when her motion fails to state a cognizable claim or contains only conclusory allegations unsupported by specifics or contentions that in the face of the record are wholly incredible. *See Lynn v. United States*, 365 F.3d 1225, 1239 (11th Cir. 2004); *Caderno v. United States*, 256 F.3d 1213, 1217 (11th Cir. 2001).

## III.  Analysis

This motion is the latest in a stream of frivolous nonserious filings made by Cargill, both in her civil case and her criminal case. As an initial matter, Cargill's Second Amended Motion is replete with what appears to be "sovereign citizen" legal theory. (Doc. # 43-1 at 2-9). The court will not address these arguments as they are nothing more than frivolous. *United States v. Sterling*, 738 F.3d 228, 233 n.1 (11th Cir. 2013) (noting that courts routinely reject sovereign citizen legal theories as "frivolous"); *see, e.g.*, *Mells v. Loncon*, No. CV418-296, 2019 WL 1339618, at *2 (S.D. Ga. Feb. 27, 2019) (referring to sovereign citizen theories as "claptrap" and "gobbledygook"), report and recommendation adopted, 2019 WL 1338411 (S.D. Ga. Mar. 25, 2019); *Linge v. State of Georgia Inc.*, 569 F. App'x 895, 896 (11th Cir. 2014) (rejecting such theories as "wholly unsubstantial and frivolous"); *Roach v. Arrisi*, No. 8:15–cv–2547–T–33AEP, 2016 WL 8943290, at *2 (M.D. Fla. Jan. 7, 2016) (stating that sovereign citizen theories have not only been consistently rejected by the courts, but they have also been described as "utterly frivolous," "patently ludicrous," and "a waste of . . . the court's time, which is being paid for by hard-earned tax dollars") (citation omitted); *United States v. Alexio*, No. CR 13-01017 JMS, 2015 WL 4069160, at *3 (D. Haw. July 2, 2015).

Cargill's remaining arguments address alleged due process violations stemming from (1) her competency to stand trial, (2) "perjured grand jury testimony," (3) sufficiency of the evidence, (4) the lack of plea negotiations or a plea agreement, (5) the government's failure to disclose exculpatory evidence, and (6) sentencing disparities between herself and co-defendants. (Doc. #43-1 at 10-46).

### A.   The court will not address issues settled on direct appeal.

"This [c]ourt is not required on § 2255 motions to reconsider claims of error raised and disposed of on direct appeal." *United States v. Rowan*, 663 F.2d 1034, 1035 (11th Cir. 1981); *see Stoufflet v. United States*, 757 F.3d 1236, 1239 (11th Cir. 2014) ("It is long settled that a prisoner

3

is procedurally barred from raising arguments in a motion to vacate his sentence, 28 U.S.C. § 2255, that he already raised and that we rejected in his direct appeal."); *United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000) ("Once a matter has been decided adversely to a defendant on direct appeal it cannot be re-litigated in a collateral attack under section 2255." (internal quotation marks omitted)); *Mills v. United States*, 36 F.3d 1052, 1056 (11th Cir. 1994) ( "[P]rior disposition of a ground of error on direct appeal, in most cases, precludes further review in a subsequent collateral proceeding."); *United States v. Johnson*, 615 F.2d 1125, 1128 (5th Cir. 1980) ("When an issue has already been determined on direct appeal, a Court need not reconsider it on a Section 2255 motion."); *Buckelew v. United States*, 575 F.2d 515, 517-18 (5th Cir.1978) ("[A] matter need not be reconsidered on a section 2255 motion if it has already been determined on direct appeal.").

On direct appeal, Cargill argued:

> (1) the district court erred in permitting her to proceed pro se at the bench trial because her waiver of her constitutional right to counsel was not knowing and voluntary; (2) the district court erred in denying her motion for judgment of acquittal on the attempted witness tampering charge because the evidence was insufficient to sustain a conviction; and (3) the district court erred in attributing the total loss amount to Cargill when calculating her base offense level under the Sentencing Guidelines.

*United States v. Cargill*, No. 20-13507, 2022 WL 4375292, at *1 (11th Cir. Sept. 22, 2022) (affirming this court's judgment). Because each of these arguments was raised by Cargill and rejected by the Eleventh Circuit on direct appeal, this court need not address them again here.

### B. Cargill was competent to stand trial and received effective assistance of counsel.

Claims of ineffective assistance of counsel may be raised for the first time in a § 2255 motion and are therefore not subject to a procedural bar for failing to raise them on direct appeal. *Massaro v. United States*, 538 U.S. 500, 504 (2003).

An ineffective assistance of counsel claim has two prongs: (1) the petitioner "must show that the counsel's performance was deficient"; and (2) the petitioner "must show that the deficient

4

performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To satisfy the first prong, "the defendant must show that counsel's representation fell below an objective standard of reasonableness." *Id*. at 688. The second prong is satisfied only when the defendant shows that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.

A petitioner must identify specific acts or omissions which reveal the lack of reasonably effective assistance. *Strickland*, 466 U.S. at 687; *see also, e.g.*, *Lecroy v. United States*, 739 F.3d 1297, 1321 (11th Cir. 2014) ("the burden of proof . . . on a § 2255 petition belongs to the petitioner"). "Conclusory allegations of ineffective assistance are insufficient." *Wilson v. United States*, 962 F.2d 996, 998 (11th Cir. 1992) (internal citations omitted).

In examining counsel's performance, the court should be "highly deferential." *Strickland*, 466 U.S. at 689. The court must make "every effort . . . to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id*. The court must also "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*.; *see Bell v. Cone*, 535 U.S. 685, 702 (2002) (holding that "tactical decision[s] about which competent lawyers might disagree" do not qualify as objectively unreasonable). A petitioner who seeks to overcome this presumption does not carry his burden by offering bare accusations and complaints, but rather "must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Strickland*, 466 U.S. at 690. The defendant must show "that no competent counsel would have taken the action that his counsel did take." *Chandler v. United States*, 218 F.3d 1305, 1315 (11th Cir. 2000) (en banc). "'[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than a complete investigation are

5

reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." *Strickland*, 466 U.S. at 690-91.

Where a petitioner fails to show that his counsel's performance fell below an objective standard of reasonableness, the court need not address the issue of prejudice. *Holladay v. Haley*, 209 F.3d 1243, 1248 (11th Cir. 2000). Where the court does consider the second prong, however, a petitioner must show that counsel's errors were prejudicial and "deprive[d] the defendant of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687. This burden can be met by establishing by a reasonable probability that the outcome of the proceeding would have been different but for counsel's errors. *Williams v. Threatt*, 529 U.S. 362, 391-93 (2000); *Strickland*, 466 U.S. at 691.

Cargill alleges that she was not competent to stand trial and that she received ineffective assistance of counsel because her attorney failed to respond or object to the court's determination that she was competent. (Doc. # 43-1 at 10-21). She is wrong.

First, Cargill was competent to stand trial. Cargill was evaluated by both a government psychologist and a defense neuropsychologist. (Cr. Doc. # 86 at 6, 28). Both opined that Cargill was competent. (*Id.* at 25, 39). The court found, consistent with both experts' testimony and the record, that Cargill was competent. (*Id.* at 41).

Second, Cargill's attorney's decision not to challenge the court's finding of competence did not fall below an objective standard of reasonableness. *See Strickland*, 466 U.S. at 688. The court ordered a competency review. That review found Cargill was competent. In fact, two separate professionals reached that conclusion. (Cr. Doc. # 86 at 39). The court entered an order consistent with the evidence in the record, and to be clear, there was no evidence in the record to support a finding that Cargill was incompetent. Although Cargill now claims her attorney should have objected or pressed the argument she was incompetent, there was simply nothing in the record on

6

which to base such an argument or objection. Cargill's *own* expert found that she was competent. Thus, Cargill's ineffective assistance of counsel claim fails.

### C. Nothing in the record supports false grand jury testimony.

Cargill argues that her indictment was based on perjured grand jury testimony, specifically related to the IRS agent's testimony as to the loss amount. (Doc. # 43-1 at 22-24). The same IRS special agent testified at trial that approximately $1,096,000 in IRS tax refunds were deposited in 54 bank accounts involved in the tax fraud scheme. (Cr. Doc. # 254 at 162). The agent was also subject to cross examination by Cargill. (*Id.*) There was no evidence offered during that cross examination or during trial that indicated the agent was being untruthful, and Cargill has not presented any (much less new) evidence to support her argument that the agent was untruthful – at trial or before the grand jury.

Cargill also claims that two co-conspirators, Tyronca Starks and Kiara Cargill, perjured themselves before the grand jury. (Doc. # 43-1 at 24-25). Again, Cargill presents no evidence, other than her own bald, unsupported assertions, to support her claim. Thus, all of Cargill's arguments as to perjured grand jury testimony are baseless.

### D. Cargill was not guaranteed a plea agreement.

"[T]here is no constitutional right to plea bargain; the prosecutor need not do so if he prefers to go to trial." *Weatherford v. Bursey*, 429 U.S. 545, 561 (1977). Cargill was not guaranteed a plea agreement, and her arguments to the contrary are without merit. There is no evidence at all that any plea was offered, much less offered and not passed on to Cargill. She is therefore left only with a non-meritorious argument that she should have been offered a plea. That claim cuts no ice at all.

### E. The government did not suppress exculpatory evidence.

Cargill argues that the government did not produce exculpatory evidence related to the loss amount in this case, specifically information on a "disk or drive named MAFR [made available for review] drive." (Doc. # 43-1 at 33).

The *Brady v. Maryland*[2] decision requires the government "to turn over to the defense evidence that is favorable to the accused." *United States v. Jordan*, 316 F.3d 1215, 1251 (11th Cir. 2003). To prove a *Brady* violation, Cargill must show three things: (1) that the information on the MAFR drive was either exculpatory or impeaching; (2) that the government either willfully or inadvertently suppressed the evidence; and (3) that the suppression of the MAFR drive prejudiced her. *See Banks v. Dretke*, 540 U.S. 668, 691 (2004).

The bottom line to Cargill's supposed "*Brady*" argument is that she is unhappy with the calculation of the loss amount in this case. (*See* Doc. 45). Her "*Brady*" argument quickly devolves into a diatribe on the difference between "actual loss" and "claimed loss." (Doc. #43-1 at 33-35). She has not put forth any evidence of a *Brady* violation. That is, she has not carried her burden of showing that (1) that the information on the MAFR drive was either exculpatory or impeaching; (2) that the government either willfully or inadvertently suppressed the evidence; and (3) that the suppression of the MAFR drive prejudiced Cargill. *Banks*, 540 U.S. at 691.

First, Cargill cannot establish that the information available on the MAFR drive, namely investigative summaries of the witnesses and codefendants in this case, was exculpatory or impeaching. Second, the government did not suppress the MAFR drive. The MAFR drive was made available for Cargill's review. (*See, e.g.* Cr. Doc. # 255 at 120 (Cargill: "I've been given several different disks, supplementary disk drives."), 87-88 (discussing Cargill's possession of a report contained on the MAFR drive that she mailed to the motorcycle club)). Finally, Cargill is

---

[2] 373 U.S. 83 (1963).

not prejudiced because there was no suppression. Accordingly, Cargill's "*Brady*" argument is wholly unfounded.

### F. Any disparity between Cargill's sentence and coconspirators' sentences is not unconstitutional.

Cargill claims that her sentence is unconstitutional because it is much longer than what her coconspirators received. (Doc. # 43-1 at 40). She further contends that she received a "trial penalty." (*Id.*). Both assertions fail.

At sentencing, a trial court must consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). A defendant who enters a plea agreement and cooperates is "not similarly situated to a defendant who provides no assistance to the government and proceeds to trial." *United States v. Docampo*, 573 F.3d 1091, 1101 (11th Cir. 2009). And, when a defendant who cooperates with the government and signs a plea agreement receives a "substantially shorter" sentence than someone who goes to trial and does not provide substantial assistance, there is no "unwarranted disparity." *Id.*; *see* 18 U.S.C. § 3553(a)(6).

Cargill has a lengthy criminal history that include a number of charges for fraud and theft. (Doc. # 281). Here, Cargill's conduct did not just involve an isolated incident, but a complex scheme to commit mail and wire fraud. The conspiracy utilized the time and efforts of several coconspirators and required the opening of some 54 bank accounts used to deposit fraudulently obtained funds. (*Id.*). Cargill also attempted to obstruct the testimony of the government's witnesses at trial using threats and intimidation. (*Id.*).

So, fatal flaw in Cargill's argument is that she is not similarly situated to her coconspirators. Cargill's charged coconspirators pled guilty in a timely manner, accepted responsibility for their conduct, and testified under oath at trial. Unlike her co-conspirators, Cargill did not enter into a plea agreement in this case and has never accepted responsibility for the wrongness of her actions,

9

neither in leading a conspiracy to commit mail and wire fraud nor in attempting to tamper with a witness. Indeed, rather than acknowledging her crimes and accepting responsibility, Cargill has filed documents proclaiming her innocence (Doc. # 43-1), disputing the court's jurisdiction (Doc. # 83, 84, 94), declaring that she is the "Sovereign Ambassador to the Lost/Found Hebrew Israelites Tribe of Levi" (Doc. # 90), and accusing the government of falsifying its claims against her (Doc. #43-1, 85). Cargill is not similarly situated to her conspirators, and there is no unwarranted disparity caused by her sentence.

### IV. Conclusion

To be sure, very few things are clear to the court as it reviews Cargill's rambling, incessant, and multitude of filings. But, one thing remains abundantly certain: Cargill committed crimes and she must now do the time. For the reasons discussed above, Cargill's Motion to Vacate, Set Aside, or Correct Sentence (Doc. # 43-1) is due to be denied. An order consistent with this memorandum opinion will be entered.

**DONE** and **ORDERED** this November 10, 2025.

_____
**R. DAVID PROCTOR**
CHIEF U.S. DISTRICT JUDGE